**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7412**

WRITER'S EMAIL ADDRESS
**raynimrod@quinnemanuel.com**

April 11, 2023

<u>VIA ECF</u>

Hon. Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007

Re:   *Acuitas Therapeutics Inc. v. Genevant Sciences GmbH et al.*,
       <u>Case No. 1:22-cv-02229-MKV</u>

Dear Judge Vyskocil:

I write on behalf of Defendants Genevant Sciences GmbH and Arbutus Biopharma Corp. ("Defendants") in reply to Acuitas Therapeutics Inc.'s letter dated April 5, 2023.  D.I. 69.

First, Acuitas does not dispute that, even if Defendants prevailed here, Pfizer Inc. and BioNTech SE ("Pfizer/BNT") would argue that, as non-parties, they are not bound by this Court's judgment.  Accordingly, a final judgment in favor of Defendants here would still fail to resolve any of the infringement issues between Defendants and the actual vaccine manufacturers, Pfizer/BNT.  Nor would such a judgment resolve Acuitas's alleged indemnity obligation—the purported basis for Acuitas's declaratory judgment action—because Pfizer/BNT's infringement liability would remain unresolved.  Indeed, Defendants assert two patents in the NJ Complaint that are not even at issue here.  This case will not completely resolve the infringement dispute no matter the outcome.  Thus Acuitas's response only confirms that the Court should exercise its discretion to decline jurisdiction.

Second, Acuitas accuses Defendants of sophistry by "omit[ting] the name 'Acuitas' from their NJ Complaint so they could write a letter telling this Court they had done so."  D.I. 69 at 2. That is a spurious assertion with no basis in fact.  The reason Acuitas was omitted in the NJ Complaint has nothing to do with the case here.  Rather, consistent with Defendants' earlier complaint against Moderna—which likewise did not name licensees or suppliers—Defendants' NJ Complaint names only the parties that infringe Defendants' patents by making and selling the vaccine, Pfizer/BNT.

quinn emanuel urquhart & sullivan, llp

ATLANTA | AUSTIN | BOSTON | BRUSSELS | CHICAGO | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | ZURICH

Third, Acuitas's criticism that Defendants engaged in "the slowest race to the courthouse ever" (D.I. 69 at 3) wrongly presupposes that Defendants intended to end up at the courthouse from the outset. There was no race. To the contrary, Defendants engaged in good faith licensing discussions with the actual vaccine manufacturers, Pfizer/BNT, but were unable to reach a resolution. D.I. 63 Ex. A ¶¶ 7, 54-62. Defendants' engagement in licensing discussions rather than racing to the courthouse should be commended, not criticized.

Fourth, Acuitas argues that the NJ Complaint proves "that there is, and has been, an actual controversy." D.I. 69 at 1-2. The existence of a controversy in April 2023 between Defendants and Pfizer/BNT, however, does not satisfy Acuitas's burden of showing an actual controversy between Defendants and Acuitas as of the September 6, 2022 filing date of Acuitas's Amended Complaint. Acuitas asserts that Defendants "report in their [April 4, 2023] complaint that the then-pending 'discussions' have failed." D.I. 69 at 2-3. But Acuitas has no basis to assert that any actual controversy existed seven months ago—indeed, Acuitas was never part of, nor privy to, confidential discussions between Defendants and Pfizer/BNT.

Fifth, Acuitas asserts that Defendants "now admit" that the letters sent to Pfizer/BNT "were, in fact, 35 U.S.C. § 287(a) notices of infringement." D.I. 69 at 3. That is a red herring. Defendants identified the letters as § 287(a) notices in both their opening and reply briefs. *See* D.I. 44 at 6; D.I. 55 at 4. Further, Acuitas mischaracterizes the NJ Complaint as supposedly alleging willful infringement based on Pfizer/BNT not acquiescing to threats in Defendants' letters. D.I. 69 at 3. The NJ Complaint does not cite the letters as evidencing threats, but rather as inviting licensing and collaboration discussions, providing § 287(a) notice, and evidencing Pfizer/BNT's knowledge of the patents, a required element of a willfulness claim. D.I. 63 Ex. A ¶¶ 75, 92.

Lastly, Acuitas takes issue with Defendants' decision to file suit in the District of New Jersey ("DNJ"). But Acuitas does not dispute that DNJ is a proper venue under the patent venue rules. And DNJ is a familiar and popular forum for Pfizer, which since 2000 has filed more than 50 patent cases there and has been sued there more than 10 times without having moved to transfer any of those cases (to Defendants' knowledge). The infringing activity at issue is also closely related to DNJ: According to Pfizer publications, the business unit responsible for coordinating the global supply and distribution of Pfizer's products, including presumably Pfizer/BNT's vaccine, has its "leadership teams" in two primary locations globally, one of which is a 130-acre, 10-building campus in New Jersey, less than an hour drive from the Trenton courthouse where Defendants' case is pending.

The Court should grant Defendants' motion to dismiss for the reasons explained in Defendants' briefing.

Respectfully submitted,

  */s/ Raymond N. Nimrod*

Raymond N. Nimrod

cc:     All Counsel of Record (via ECF)